IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PROGRESSIVE UNIVERSAL INSURANCE COMPANY**, a Wisconsin corporation,

Plaintiff,

v.

**EDWARD JOHNSON**, an individual and **COLLETE M. LUFF**, personal representative of the Estate of Emma Quinn,

Defendants.

Case No. 3:21-cv-00263-JR

DEFAULT JUDGMENT

**MOSMAN, J.,**

On August 13, 2021, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 14], recommending that this court grant Plaintiff's Motion for Order of Default and Entry of Default Judgment Against Defendant Edward Johnson [ECF 11]. No objections were filed. Upon review, I agree with Judge Russo. I GRANT the motion and enter default judgment against Defendant Edward Johnson.

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – DEFAULT JUDGMENT

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [ECF 14]. I GRANT Plaintiff's Motion for Order of Default and Entry of Default Judgment Against Defendant Edward Johnson [ECF 11]. Finding the Clerk of Court has made an Entry of Default [ECF 13] and pursuant to Fed. R. Civ. P. 55(b), IT IS HEREBY ORDERED AND ADJUDGED that there is no coverage available under the automobile insurance policy issued by Plaintiff to Edward Johnson for claims made by Defendant Collette M. Luff arising from the May 29, 2019 motor vehicle accident described in Plaintiff's Complaint [ECF 1].

IT IS SO ORDERED.

DATED this 11 day of September, 2021.

MICHAEL W. MOSMAN
United States District Judge

2 – DEFAULT JUDGMENT